13-2926
Ayala-Zavala v. Lynch

BIA
Videla, IJ
A070 018 737

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of August, two thousand fifteen.

PRESENT:
      ROBERT A. KATZMANN,
          *Chief Judge,*
      ROSEMARY S. POOLER,
      DENNY CHIN,
          *Circuit Judges.*

_____

ANDRES AYALA-ZAVALA,
     *Petitioner,*

     v.                     13-2926
                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:      Joshua E. Bardavid, New York, NY.

FOR RESPONDENT:     Stuart F. Delery, Assistant Attorney General; Luis E. Perez, Assistant Director; Justin R. Markel, Trial Attorney, Office of Immigration

**Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Andres Ayala-Zavala, a native and citizen of Honduras, seeks review of a July 12, 2013 order of the BIA, affirming the February 7, 2013 decision of an Immigration Judge ("IJ"), which pretermitted asylum and denied withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Andres Ayala-Zavala*, No. A070 018 737 (B.I.A. July 12, 2013), *aff'g* No. A070 018 737 (Immig. Ct. N.Y. Feb. 7, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Ayala-Zavala does

not challenge the pretermission of his asylum application on appeal.

I.   Impermissible Fact-Finding

Ayala-Zavala contends that the BIA engaged in impermissible fact-finding by rejecting the IJ's determination that he established a likelihood of persecution. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) (per curiam) (observing that "the BIA may only review the IJ's factual findings to determine whether they are clearly erroneous, and may not engage in fact-finding, other than taking administrative notice of commonly known facts"); 8 C.F.R. § 1003.1(d)(3). However, the BIA properly found that the IJ's comments, taken in context, merely referenced the potential for harm stemming from a general wave of violence and did not reflect a conclusion that Ayala-Zavala might face mistreatment on a protected ground. *See* 8 C.F.R. § 1208.16(b); *see also Aliyev v. Mukasey*, 549 F.3d 111, 116 (2d Cir. 2008). Indeed, the IJ *denied* withholding of removal and clearly noted Ayala-Zavala's failure to establish that he would be identified as a criminal deportee and targeted for persecution on that basis.

Ayala-Zavala also contends that the BIA engaged in impermissible fact-finding by rejecting the IJ's determination that his social group of criminal deportees *may* have been cognizable.  Contrary to Ayala-Zavala's assertion, however, the BIA reasonably found that the IJ's comments, taken in context, reflected a conclusion that Ayala-Zavala had not shown that he would be perceived to be a member of a particular social group comprised of criminal deportees.  That determination is consistent with controlling precedent. *See, e.g., Matter of W-G-R-*, 26 I. & N. Dec. 208, 216-17 (B.I.A. 2014).  Moreover, the "ultimate determination [of] whether a particular social group has been established is a question of law."  *Id.* at 210.  Ayala-Zavala has therefore failed to demonstrate that the BIA engaged in impermissible fact-finding.

## II.  Corroboration

Because Ayala-Zavala filed his asylum application in 2013, the REAL ID Act applies in this case.  *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 302, 303 (2005) (codified at 8 U.S.C. § 1158(b)(1)(B)(iii)); *In re S-B-*, 24 I. & N. Dec. 42, 45 (B.I.A. 2006).  For applications governed by the REAL ID Act, "[t]he testimony

4

of the applicant *may* be sufficient to sustain the applicant's burden without corroboration, but *only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." *See* 8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Yan Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (quoting 8 U.S.C. § 1158(b)(1)(B)(ii))(internal quotation marks omitted).

Ayala-Zavala does not contend that his testimony was sufficiently "persuasive" and "specific," 8 U.S.C. § 1158(b)(1)(B)(ii), to sustain his burden of proof without corroboration. Indeed, he had not been to Honduras in over twenty-three years, did not assert that he had suffered past persecution, and had no first-hand knowledge of current conditions there. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 162 (2d Cir. 2008) (observing that while "credible testimony was sufficient to demonstrate a genuine subjective fear of future persecution, more was needed to demonstrate

5

the objective reasonableness of that fear"); *see also Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005)(per curiam) (holding that "[i]n the absence of solid support in the record for [an applicant's] assertion that he will be [persecuted], his fear is speculative at best"). Ayala-Zavala nevertheless argues, in reliance on pre-REAL ID Act case law, that the agency erred in requiring him to corroborate his testimony without first considering the country conditions evidence in the record.  However, his assertion that the agency failed to consider the country conditions evidence is not supported by the record.  *See Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (noting that the agency is not required to expressly "parse or refute on the record each individual argument or piece of evidence offered by the petitioner") (internal quotation marks omitted); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17  (2d Cir. 2006) (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"). Indeed, both the IJ and the BIA explicitly considered the country conditions evidence and reasonably found that it failed to corroborate Ayala-Zavala's testimony that he believed that the gangs know everything and would learn

6

about his criminal convictions in the United States. *See Siewe v. Gonzales*, 480 F.3d 160, 167-69 (2d Cir. 2007) (finding that "support for a contrary inference—even one more plausible or more natural—does not suggest error"); *Xiao Ji Chen*, 471 F.3d at 342 (holding that the weight accorded to the applicant's evidence in immigration proceedings lies largely within the discretion of the agency). Although Ayala-Zavala points to excerpts in the country conditions evidence that he contends constitute circumstantial evidence that foreigners have been targeted for crime due to their perceived wealth, the agency properly found that Ayala-Zavala's purported social group based on his perceived wealth was improper. See *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (per curiam)(affirming BIA's rejection of wealth as basis for membership in particular social group because "the terms 'wealthy' and 'affluent' are highly relative and subjective"). Moreover, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *Jian Hui Shao*, 546 F.3d at 171.

Lastly, Ayala-Zavala has waived review of the agency's denial of CAT relief by failing to meaningfully contest it in his brief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005).

7

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk